171 A.3d 196

IN THE MATTER OF ERIC SALZMAN, AN ATTORNEY
AT LAW (ATTORNEY NO. 031752005)

D–143 Sept.Term 2016
079375

October 04, 2017

**ORDER**

The Disciplinary Review Board having filed with the Court its decision in DRB 16–324, concluding that as a matter of final discipline pursuant to Rule 1:20–13(c), **ERIC SALZMAN** of **NUT-**

**LEY**, who was admitted to the bar of this State in 2007, and who has been temporarily suspended from the practice of law since June 30, 2016, by Order of the Court filed May 31, 2016, should be suspended from practice for a period of two years based on respondent's disorderly persons adjudication and conviction of a third degree crime, conduct in violation of RPC 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer);

And the Disciplinary Review Board having further determined that prior to reinstatement to the practice of law, respondent should be required to: 1) comply with the determination of the District VC Fee Arbitration Committee, 2) conclude all of respondent's open municipal court matters, including, but not limited to, open arrest warrants and the payment of all court-imposed fines and costs, and 3) provide proof that respondent has overcome his drug addiction and that he is otherwise fit to practice law;

And the Disciplinary Review Board having determined that following reinstatement to practice, respondent should be required to continue supervised drug treatment and to submit to random drug-testing to be monitored by the Office of Attorney Ethics until the further Order of the Court;

And good cause appearing;

It is ORDERED that **ERIC SALZMAN** is suspended from the practice of law for a period of two years, effective immediately, and until the further Order of the Court; and it is further

ORDERED that prior to reinstatement to the practice of law, respondent shall 1) comply with the Order of the Court filed on May 31, 2016, that ordered respondent to comply with the determination of the District VC Fee Arbitration Committee in District Docket No. VC–2015–0018F; 2) conclude all open municipal court matters, including all open arrest warrants and the payment of all court-imposed costs and fines; 3) submit proof to the Office of Attorney Ethics of his fitness to practice as attested to by a

mental health professional approved by the Office of Attorney Ethics; and it is further

ORDERED that following reinstatement to practice, respondent shall continue his supervised drug treatment program and submit to random drug-testing on a schedule to be determined by the Office of Attorney Ethics until the further Order of the Court; and it is further

ORDERED that respondent comply with Rule 1:20–20 dealing with suspended attorneys; and it is further

ORDERED that pursuant to Rule 1:20–20(c), respondent's failure to comply with the Affidavit of Compliance requirement of Rule 1:20–20(b)(15) may (1) preclude the Disciplinary Review Board from considering respondent's petition for reinstatement for a period of up to six months from the date respondent files proof of compliance; (2) be found to constitute a violation of RPC 8.1(b) and RPC 8.4(d); and (3) provide a basis for an action for contempt pursuant to Rule 1:10–2; and it is further

ORDERED that the entire record of this matter be made a permanent part of respondent's file as an attorney at law of this State; and it is further

ORDERED that respondent reimburse the Disciplinary Oversight Committee for appropriate administrative costs and actual expenses incurred in the prosecution of this matter, as provided in Rule 1:20–17.